1  BLANK ROME LLP
Ana Tagvoryan (SBN 246536)
2  ana.tagvoryan@blankrome.com
Natalie Alameddine (SBN 296423)
3  natalie.alameddine@blankrome.com
Harrison Brown (SBN 291503)
4  harrison.brown@blankrome.com
2029 Century Park East | 6th Floor
5  Los Angeles, CA 90067
Telephone:  424.239.3400
6  Facsimile:   424.239.3434

7  Attorneys for Defendants
CLUBCORP USA, INC. and
8  CLUBCORP GOLF OF CALIFORNIA LLC

9            **UNITED STATES DISTRICT COURT**

10          **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 11  LEA WOLF, an individual and on behalf of all others similarly situated, | Case No. **'22CV1688 MMA MDD** |
| 12 | **NOTICE OF REMOVAL** |
| 13                      Plaintiff, | Filed:         September 26, 2022 |
| 14          vs. | Removed:   October 28, 2022 |
|  | Trial:          Not Set |
| 15  CLUBCORP USA, INC., a Delaware corporation, CLUBCORP GOLF OF | |
| 16  CALIFORNIA LLC D/B/A MORGAN RUN RESORT & CLUB, a Delaware limited | |
| 17  liability company, and DOES 1 THROUGH 100, inclusive, | |
| 18                      Defendants. | |

19
20
21
22
23
24
25
26
27
28

129776594

**NOTICE OF REMOVAL**

1    TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that Defendants ClubCorp USA, Inc. ("ClubCorp")

3  and ClubCorp Golf of California LLC ("Morgan Run") (together, "Defendants")

4  hereby remove the above-captioned action to the United States District Court for the

5  Southern District of California. Removal is proper because, as set forth herein, this

6  Court has subject matter jurisdiction over the claims at issue in the action and the

7  procedural requirements for removal have been satisfied.

8  **I.      REMOVAL IS TIMELY.**

9    1.    On September 26, 2020, Plaintiff Lea Wolf ("Plaintiff") filed a class

10  action complaint (the "Complaint") in the Superior Court of California for the County

11  of San Diego, entitled *Wolf v. ClubCorp USA, Inc., et al.*, No. 37-2022-00038078-CU-

12  BT-CTL (the "State Court Action").

13    2.    On September 30, 2020, Plaintiff caused a copy of the Summons and

14  Complaint to be served on ClubCorp's agent. Plaintiff also purports to have served

15  Morgan Run's agent on the same day, though Morgan Run has not been able to

16  confirm the same.

17    3.    This Notice of Removal is timely because it is being filed within 30 days

18  of service on ClubCorp and within 30 days of the purported service on Morgan Run.

19  *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Strining, Inc.*, 526 U.S.

20  344, 348 (1999).

21  **II.     NATURE OF THE ACTION.**

22    4.    In her Complaint, Plaintiff alleges that Defendants engaged in "unlawful

23  and discriminatory business practices … in services and privileges provided to the

24  female members of the Defendant's business establishment, a private tennis club."

25  (Compl., ¶ 1.)

26    5.    Plaintiff asserts two causes of action: (1) violation of the Unruh Civil

27  Rights Act, Civil Code section 51 *et seq.* (the "UCRA" or "Unruh") (Compl., ¶¶ 47-

28

129776594

1

**NOTICE OF REMOVAL**

1   63); and (2) unfair business practices in violation of Business and Professions Code

2   section 17200 *et seq.* (the "UCL") (Compl., ¶¶ 64-73).

3         6.     Among other things, Plaintiff seeks declaratory relief (Compl., Prayer, at

4   iv-vi), actual damages (*id.*, at vii), damages for emotional distress and pain and

5   suffering (*id.*), statutory damages in the amount of three times the actual damages but

6   in no case less than $4,000 for each violation of the UCRA (*id.*, at viii), restitution

7   (*id.*, at ix), exemplary or punitive damages (*id.*, at x), attorneys' fees and costs (*id.*, at

8   xi), pre-judgment and post-judgment interest (*id.*, at xii), and injunctive relief (*id.*, at

9   xii).

10         7.     Plaintiff seeks to represent a class of "[a]ll female members of the private

11   clubs owned and operated by the Defendants." (*Id.*, ¶ 33.)

12   **III.    THE COURT HAS CAFA JURISDICTION OVER THE ACTION.**

13         8.     This action is within the original jurisdiction of this Court, and removal is

14   proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d),

15   which grants district courts original jurisdiction over class actions in which the

16   amount in controversy exceeds $5,000,000, there are over one hundred putative class

17   members, and any member of the class of plaintiffs is a citizen of a State different

18   from any defendant. As set forth below, this action satisfies each of the requirements

19   of § 1332(d)(2) for original jurisdiction under CAFA.

20         9.     <u>Covered Class Action</u>. This action meets the CAFA definition of a class

21   action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil

22   Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§

23   1332(d)(1)(B), 1453(a) & (b). To wit, Plaintiff brings this action ostensibly on behalf

24   of "[a]ll female members of the private clubs owned and operated by the Defendants."

25   (*Id.*, ¶ 33.) Plaintiff also contends that: "[t]he potential Class members as defined are

26   so numerous and so diversely located throughout California, that joinder of all the

27   members of the Class is impracticable" (*id.*, ¶ 39); "Class members are readily

28   ascertainable from Defendants' own records and/or Defendants' agents' records" (*id.*,

1  ¶ 38); "[t]here are questions law and fact common to Plaintiff and the Class that do

2  not predominate over any questions affecting only individual members of the Class"

3  (*id.*, ¶ 40); "Plaintiff's claims are typical of the claims of the members of the Class"

4  (*id.*, ¶ 41); "Plaintiff will fairly and adequately represent and protect the interests of

5  the Class" (*id.*, ¶ 42); and "[a] Class Action is superior to other available means for

6  the fair and efficient adjudication of this controversy" (*id.*, ¶ 43).

7      10.  <u>Diversity</u>. The required minimal diversity of citizenship under CAFA is

8  satisfied because "any member of a class of plaintiffs is a citizen of a State different

9  from any defendant." 28 U.S.C. § 1332(d)(2)(A). Namely:

10      a.  Plaintiff alleges that she is a citizen and resident of the State of

11  California, County of San Diego. (*Id.*, ¶ 6.)

12      b.  ClubCorp is not a citizen of California. ClubCorp is incorporated

13  in Delaware and maintains its principal place of business in Texas. (*Id.*, ¶ 7.) For

14  purposes of diversity jurisdiction, a corporation is be deemed to be a citizen of every

15  State and foreign state by which it has been incorporated and of the State or foreign

16  state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore,

17  ClubCorp is a citizen of Delaware and Texas.

18      c.  Morgan Run is not a citizen of California. Morgan Run is a limited

19  liability company organized and existing under the laws of the State of Texas.

20  (Compl., ¶ 7.) For purposes of diversity jurisdiction, "an LLC is a citizen of every

21  state of which its owners/members are citizens." *Johnson v. Columbia Properties*

22  *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Morgan Run has, and at all

23  pertinent times had, one member: ClubCorp, which is a citizen of Delaware and

24  Texas. Therefore, Morgan Run is a citizen of Delaware and Texas.

25      11.  <u>Class Action Consisting of More than 100 Members</u>. Plaintiff alleges that

26  "Class members number in the hundreds or thousands, if not more." (Compl., ¶ 34.)

27  Based on the allegations in the complaint, the number of purported class members is

28  greater than 100.

129776594

3

**NOTICE OF REMOVAL**

1    12.    Amount in Controversy. Under CAFA, the claims of the individual class

2    members are aggregated to determine if the amount in controversy exceeds the

3    required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §

4    1332(d)(2), (d)(6).

5            a.    Plaintiff seeks statutory damages in the amount of three times the

6    actual damages but in no case less than $4,000 for each violation of Unruh. (Compl.,

7    Prayer, at viii.) Plaintiff alleges that "Class members number in the hundreds or

8    thousands, if not more." (*Id.*, ¶ 34.) The term "thousands, if not more" logically

9    implies at least 2,000. *See Tompkins v. Basic Research LL*, No. 08-244, 2008 WL

10   1808316, at *3 (E.D.Cal. Apr. 22, 2008) (CAFA numerosity satisfied because the

11   allegation "a class of 'thousands of persons'" implies "a logical minimum of 2,000

12   class members"); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th

13   Cir. 2013). Accepting arguendo Plaintiff's allegations as true, Plaintiff seeks at least

14   $8,000,000 ($4,000 x 2,000 class members).

15           b.    Plaintiff also seeks actual damages (Compl., Prayer, at vii) and

16   restitution (*id.*, at ix). Plaintiff does not plead these damages specifically but, from

17   Defendant's perspective, Plaintiff places her and class member's membership fees at

18   issue (Plaintiff alleges that Defendants terminated her membership, *see id.*, at ¶ 31).

19   Membership fees can total thousands of dollars for each person per year (for example,

20   at the time Plaintiff became a member her monthly dues were $350).

21           c.    Plaintiff seeks damages for emotional distress and pain and

22   suffering. (*Id.*, Prayer, at vii.) Plaintiff does not plead these damages, other than to say

23   the damages will be according to proof. Such damages may be considered in the

24   subject matter jurisdiction analysis. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029,

25   1034 (N.D. Cal. 2002).

26           d.    Plaintiff seeks exemplary or punitive damages. (Compl., Prayer at

27   x.) Again, Plaintiff does not plead the value of these damages, but the damages would

28   be in addition to the $8,000,000 in statutory damages which Plaintiff has put in

129776594                                    4

controversy. *See, e.g.*, Cal. Civ. Code § 52(a) (authorizing an award of up to three times the amount of actual damages); *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("The calculation of the amount in controversy takes into account claims for … punitive damages.").

          e.      Plaintiff seeks attorneys' fees and costs of suit under Unruh and the UCL. (Compl., Prayer, at xi.) "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Plaintiff does not plead the amount of attorneys' fees and costs she seeks, but said attorneys' fees and costs would be in addition to the no less than $8,000,000 which Plaintiff seeks. In another class action prosecuted by Plaintiff's counsel under the UCL, for example, counsel sought and received $567,000 in fees and costs. *See Holt v. Foodstate, Inc.*, 2019 WL 11787937 (D.N.H. Sept. 25, 2019) (motion) and 2020 WL 8665478 (D.N.H. Jan. 16, 2020) (order).

13.    Without conceding any merit to the complaint's damages allegations or causes of action, the amount in controversy here, as alleged in Plaintiff's complaint, exceeds CAFA's jurisdictional threshold.

**IV.    ALL OTHER PROCEDURAL REQUIREMENTS HAVE BEEN MET.**

14.    This action is properly removed to this Court because the state court action is pending within this district and division. 28 U.S.C. §§ 1441(a), 84(c)(1).

15.    In compliance with 28 U.S.C. § 1446(d), a copy of the Notice of Removal of Action to the United States District Court for the Southern District of California that will be filed with the Superior Court of the State of California for the County of San Diego is attached hereto as Exhibit 1.

16.    A true and correct copy of the San Diego Superior Court's online docket in the State Court Action is attached hereto as Exhibit 2.

17.    Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on or received by Defendants in the state court action must be attached

to the Notice of Removal. True and correct copies of all substantive documents listed in that docket, in the same sequence as they appear on that docket (excluding payment receipts, electronic confirmations, etc.) are attached hereto collectively as Exhibit 3.

18.   In the event that Plaintiff seeks to remand this case, or the Court considers remand sua sponte, Defendants respectfully request the opportunity to submit each additional argument or evidence in support of removal as may be necessary.

## V.   NON-WAIVER OF DEFENSES.

19.   Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defenses or affirmative matters, including, without limitation, a motion to compel arbitration and a motion to dismiss for dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, Defendants respectfully remove this action from the Superior Court of the State of California for the County of San Diego to this Court.

DATED:  October 28, 2022         BLANK ROME LLP


By: */s/ Ana Tagvoryan*
                 Ana Tagvoryan
                 Natalie Alameddine
                 Harrison Brown
Attorneys for Defendants
CLUBCORP USA, INC. and
CLUBCORP GOLF OF CALIFORNIA LLC

**NOTICE OF REMOVAL**